# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BABBAGE HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-751-JRG |
| | § | |
| CAPCOM U.S.A., INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Capcom U.S.A., Inc. and Capcom Entertainment, Inc. (collectively "Capcom")'s Motion to Transfer to the Northern District of California (Dkt. No. 29, filed February 21, 2014.) Capcom moves the Court to transfer this case to the Northern District of California under 35 U.S.C. § 1404(a).

This is one of many cases filed by Plaintiff Babbage Holdings, LLC alleging infringement of U.S. Patent No. 5,561,811 (hereinafter "'811 patent") in this Court. The '811 patent relates to a multi-user multi-device system enables more than one user to control a single screen. Each user controls stored applications using one or more input devices, and the system produces a consistent view of all the applications on a single screen.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is

sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

"The idea behind s 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Van Dusen*, 376 U.S. at 622 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)) "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Section 1404(a) requires this discretionary "individualized, case-by-case consideration of convenience and fairness." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (quoting *Van Dusen*, 376 U.S. at 622).

## DISCUSSION

As an initial point, Capcom did not file an individualized motion to transfer in this case. Instead, Capcom filed a collective motion to transfer along with six other unrelated defendants. Each of these defendants, including Capcom, filed an identical motion to transfer in its individual case. The collective motion addresses the facts of the unrelated defendants as a group and argues the transfer factors as a group. In this case, Plaintiff Babbage's response was individualized to its case with Capcom. Capcom's Reply was also a collective reply—identical to the one filed in six other cases—that did not specifically address Babbage's individualized response. In

addressing Capcom's Motion to Transfer, the Court considers only the evidence presented in the collective motion that is specific to Capcom and its case.

**A.      Proper Venue**

The Northern District of California and the Eastern District of Texas are proper venues.

**B.      Private Interest Factors**

**1.      Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Capcom presents a declaration by Hiro Tachibana, Vice President & General Counsel, of Capcom U.S.A., Inc. (hereinafter "CUSA"). (Dkt. No. 29-1.) According to Mr. Tachibana, Capcom U.S.A., Inc. "is a California corporation with its headquarters located in San Mateo, California, and Capcom Entertainment, Inc. merged into Capcom USA in November of 2011." (*Id.* at 2.) "The research, design and development of Lost Planet 3 was performed principally by third-party Spark Unlimited in Sherman Oaks, California." (*Id.*) "Any documents within CUSA's possession regarding the design and development of Lost Planet 3 reside at CUSA's headquarters in San Mateo, California." (*Id.*) "CUSA's quality assurance testing for Lost Planet 3 was performed by CUSA in San Mateo, California, by Capcom Co. Ltd, in Japan, and by third-party Enzme Labs in Montreal, Canada." (*Id.*) "Documents within CUSA's possession relating to quality assurance can be found at CUSA's headquarters in San Mateo, California." (*Id.*) "[A]ll of CUSA's known prospective witnesses with information relating to Lost Planet 3 are located at or near its San Mateo office." (*Id.*) "In particular, CUSA employees knowledgeable about the sales, finance, and marketing of Lost Planet 3 - including Debbie Mola (sales), Aki Nishiyama

(finance), and Laili Bosma (marketing) - all work in San Mateo, California and documents relating to the same can be found there." (*Id.*) "In addition, CUSA employee David Witcher is knowledgeable about development of Lost Planet 3, and he also works in San Mateo, California and documents relating to the development reside there as well." (*Id.*)

Capcom's motion provides a chart indicating that its "Relevant Witness & Document Location[s]" are San Mateo and Sherman Oaks, California.[1] Capcom's motion provides a chart indicating that its "Development & Testing Location[s]" are San Mateo and Sherman Oaks, California; Japan; and Montreal, Canada. Capcom's chart indicates that the Sherman Oaks, California location is that of a third-party developer.

Babbage is a Texas limited liability company whose principal and representatives are all located in Dallas, Texas. Babbage represents that its documents are located in Dallas, Texas. Babbage provides charts detailing numerous potential party and non-party sources of evidence in the U.S. and whether or not this forum is closer for those parties.

Capcom argues that the Babbage's charts address video games that were not specifically listed in Babbage's complaint. Capcom's argument—that Babbage's complaint is limited to specifically accused games—is somewhat perplexing as Babbage's complaint accused both Capcom's video games that practice the '811 patent generally and a specific exemplary game. The Court is concerned that, if Capcom is operating under a theory that the case only concerns the specifically accused game and not Capcom's video games generally, relevant evidence might have been excluded. For example, the evidence presented by Capcom appears to only concern the "Lost Planet 3" game. The Court is concerned that relevant evidence may have been excluded.

---

[1] San Mateo, California is located in the Northern District of California and Sherman Oaks, California is located in the Central District of California.

Capcom appears to have sales, finance, and marketing evidence in the Northern District of California. It is unclear what, if any, Capcom technical evidence is located in the Northern District of California. Capcom represents that the design and development of Lost Planet 3—the only game Capcom presents evidence for—was principally performed by a third-party in another district.

This factor weighs in favor of transfer.

### 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

Capcom's motion provides a chart indicating that its "Relevant Witness & Document Location[s]" are San Mateo and Sherman Oaks, California. Capcom's motion provides a chart indicating that its "Development & Testing Location[s]" are San Mateo and Sherman Oaks, California; Japan; and Montreal, Canada. Capcom identifies four specific potential witnesses in San Mateo, California and none in Sherman Oaks. Capcom's chart indicates that the Sherman Oaks, California location is that of a third-party developer. Capcom argues that the Northern District of California is more convenient for specific potential third party witnesses.

Babbage provides the names of five specific potential witnesses in Dallas, Texas. Babbage provides charts detailing numerous potential party and non-party sources of evidence in the U.S. and whether or not this forum is closer for those parties.

The weight of the evidence presented by Capcom for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

This factor weighs in favor of transfer.

### 1    4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Capcom argues that its San Mateo, California witnesses would have to travel a shorter distance to reach the Northern District of California than they would to reach the Eastern District of Texas. Capcom argues that the non-party inventor would not have to travel if the case were transferred. (Mot. at 12.)

Babbage provides evidence that its Dallas, Texas witness would have to travel a shorter distance to reach the Eastern District of Texas than they would to reach the Northern District of California. Babbage provides evidence that this District would be a less expensive venue for traveling witnesses. Babbage provides charts detailing potential third parties in the U.S. and their relative distances between the two forums. Babbage argues that this suit is one of twelve cases before this court concerning infringement of the '811 patent, and that judicial economy weighs in favor of trying those cases in the same court.

The weight of the evidence presented by Capcom for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### C. Public Interest Factors

#### 1. Administrative Difficulties Flowing From Court Congestion

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. A proposed transferee court's "less congested docket" and "[ability] to resolve this dispute more quickly" is a factor to be considered. *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). This factor is the "most speculative," and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347.

Capcom argues that an average time to trial of between two to three years is equivalent. Babbage argues that this District has a six month faster time to trial than the Northern District of California, and the this Court has already held a scheduling conference and provided the case with a schedule.[2]

The weight of the evidence presented by Capcom for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

#### 2. Local Interest in Having Localized Interests Decided at Home

This factor considers the interest of the locality of the chosen venue in having the case resolved there. *Volkswagen I*, 371 F.3d at 205-06. This consideration is based on the principle that "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation."

---

[2] Federal Court Management Statistics for the twelve months ending in September 30, 2013, which appear to be the closest available to this case's filing date (September 23, 2013), recite a median time to trial of 20.5 months in this District and 27.4 months in the Northern District of California. *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2013.aspx (last visited September 25, 2014.)

This factor is weighs in favor of transfer.

**3-4. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

These factors are neutral.

## CONCLUSION

A movant seeking to transfer bears the evidentiary burden of establishing that the movant's desired forum is clearly more convenient than the forum where the case was filed. Having considered the evidence presented by the Parties in view of the applicable law, the Court finds that the weight of the evidence presented by Capcom does not meet its burden of establishing that the Northern District of California is a clearly more convenient forum than the Eastern District of Texas. For the reasons set forth above, the Court hereby **DENIES** Capcom's Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. No. 29).

**So ORDERED and SIGNED this 29th day of September, 2014.**

                                            RODNEY GILSTRAP
                                            UNITED STATES DISTRICT JUDGE